IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **IGNACIO VILLANUEVA-AGUIRRE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-29753 |
| | ) | |
| **BART MASTERS, Warden,** *et al.*, | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) Petitioner states as grounds for relief under Section 2241 as follows:

1. Did the Respondents commit reversible error by and when they failed to correct an inaccurate record using existing case law authority which supports that a private corporation, the GEO Group, Inc., has no DHO Officer, A. Zarate, with jurisdiction to take earned good time jail credits from Petitioner Villanueva? Petitioner seeks restoration of 91 days good time credits; restoration of commissary privileges, visitation privileges, and telephonic privileges to be restored as well as the expungement of Incident Report number 2408598 in light of Arredondo v. Adler and his 5th Amendment's due process rights.

2. Did the Respondents commit reversible error by retaliating against Petitioner Villanueva for exercising his 1st Amendment's Freedom of Speech and 5th Amendment's Due Process rights concerning specifically Ground One supra, and by failing to answer Petitioner's BP-11 Administrative Remedy Request # 726069-A1, at the central office level of the Federal Bureau of Prisons. Respondents' General Counsel Harrell Watts intentionally failed to answer Villanueva's BP-11 request, which adversely affected Villanueva's substantial rights, 5th Amendment Due Process and access to the Courts, as

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

well as the 1st Amendment's Freedom of Speech.

(Document No. 1, pp. 6 - 7.) In support of Ground One, Petitioner argues that it was unlawful for a private institution to impose sanctions and take away his earned good time credit. (Document No. 2, p. 2.) Petitioner explains that the GEO Group's DHO Officer, who was not an employee of the BOP, lacked authority to discipline and sanction Petitioner. (Id., pp. 9 - 10.) Petitioner contends that he "has a core liberty interest in his 91 days of jail credits." (Id., p. 5.)

In support of Ground Two, Petitioner argues that Mr. Watts' failure to respond to Petitioner's BP-11 "prevents Petitioner from fully exhausting his administrative remedies, thus violates his Fifth Amendment right to due process & Sixth Amendment right to a jury trial, and also prevents Petitioner from meaningful access to the courts." (Id., pp. 3 - 6.) Petitioner explains that "an inmate cannot logically have access to the courts without first exhausting all of his administrative remedies." (Id., p. 3.) As relief, Petitioner requests that the Court reinstate his 91 days of good time credit, expunge Incident Report No. 2408598, and restore is commissary, telephone, and visitation privileges. (Id., p. 10.)

By Order entered on February 19, 2014, the Court ordered that Respondents file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 10.) On April 21, 2014, Respondents filed their Response to the Order to Show Cause. (Document No. 16.) Respondents argue that Petitioner's Petition should be denied because his claim is now moot. (Id.) Respondents explain that "Petitioner's claims are centered on his argument that a private corporation has no jurisdiction to take earned good time jail credits." (Id.) Respondents state that "[o]n April 15, 2014, Petitioner was given a rehearing in front of a Bureau of Prisons Discipline Hearing Officer

at FCI McDowell." (Id.) Respondents note that during the rehearing, Petitioner admitted possession of a cellular phone and received a disallowance of good conduct time and other sanctions. (Id.) Respondents, therefore, conclude that Petitioner's claims are now moot because Petitioner received a new hearing and was disciplined by the BOP. (Id.) As an Exhibit, Respondents attach a copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record." (Document No. 16-1.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

3

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 14, 2014.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: March 23, 2015.

R. Clarke VanDervort
United States Magistrate Judge